IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK ALLEN HNATKOVICH,
   Petitioner,
  v.
PHILIP JOHNSON, WARDEN,
S.C.I. PITTSBURGH,
   Respondent

Case No. 3:01-cv-249-KRG-KAP

Report and Recommendation

Recommendation

  Petitioner filed a motion to vacate the judgment in this matter under Fed.R.Civ.P. 60(b)(6). It should be denied.

Report

  Petitioner Mark Hnatkovich is serving a life sentence imposed on June 16, 1994 by the Court of Common Pleas of Cambria County after petitioner was convicted of first degree murder in the shooting death of Franklin Henry on August 21, 1993. Hnatkovich, represented by counsel, filed his first federal habeas petition at this caption in July 2001. The petition was dismissed as untimely in September 2002. There was no appeal.

  Hnatkovich filed a second habeas petition *sub nom.* Hnatkovich v. Coleman, Case No. 3:08-cv-194-KRG-KAP (W.D.Pa.), application for leave to file second petition denied, No. 08-3619 (3d Cir. September 29, 2008) rehearing en banc denied, that included (at pages 52-61 of the Petition filed at 3:08-cv-194-KRG-KAP) the same allegations that Hnatkovich makes in this motion to vacate, that there should be equitable tolling of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)'s one-year

limitations period, 28 U.S.C.§ 2244(d) and that any procedural default of his claims should be excused because his habeas counsel was the partner, associate, or agent of his trial counsel, because the "same counsel" represented him in the direct appeal in state court and in state and federal collateral attacks, and because habeas counsel "ran the clock out," id. at 54, by deliberately filing the habeas corpus petition late in order to prevent Hnatkovich from obtaining relief.

The present motion makes essentially the same arguments, with the addition of citations to Martinez v. Ryan, 132 S.Ct. 1309 (2012). Martinez v. Ryan held that 28 U.S.C.§ 2254(i), the provision of AEDPA that precludes the ineffectiveness of counsel in a collateral proceeding from being a basis for habeas relief, does not preclude such counsel's ineffectiveness from being cause that would allow a court to reach the merits of a procedurally defaulted claim.

Hnatkovich's problem is that his first habeas petition was untimely, not that the claims in it were defaulted. The two concepts are distinct, and Martinez v. Ryan is not helpful to Hnatkovich. What Hnatkovich is really arguing is that the alleged association of habeas counsel with trial counsel and counsel's alleged deliberate late filing in 2001 and alleged failure to keep him informed about the true state of his petition in 2002 and subsequently are grounds under Holland v. Florida, 560 U.S. 631

(2010), for equitable tolling of the limitations period that ran in 2001. Hnatkovich would have been entitled to equitable tolling in 2001 if he showed that he had been pursuing his rights diligently, and that some "extraordinary circumstance" prevented a timely filing. Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013). What Hnatkovich seeks is the vacating of the judgment so that he can prove that habeas counsel's alleged abandonment of him in 2001 constituted extraordinary circumstances.

Rule 60(c) requires, however, that a motion to vacate such as Hnatkovich's under Rule 60(b)(6) be made within a "reasonable" time. It is more than thirteen years since the alleged abandonment by counsel, and more than twelve since that alleged abandonment caused Hnatkovich's petition to be untimely. Hnatkovich himself asserts that he first found out that he had been abandoned by habeas counsel in late 2006 and that in response he filed a *pro se* PCRA petition in the Court of Common Pleas of Cambria County in February 2007, and a second habeas petition here in July 2008. Hnatkovich does not allege that any reason prevented him from filing this motion to vacate at that time. Accepting Hnatkovich's chronology, it is now more than eight years after he learned of the alleged abandonment by counsel that Hnatkovich has filed this motion. Because the motion to vacate was not filed within a reasonable time and Hnatkovich presents nothing that

3

indicates a miscarriage of justice took place at trial, the motion should be denied.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 15 April 2015

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Mark A. Hnatkovich CL-5129/DA-1023
S.C.I. Fayette
50 Overlook Drive
Labelle, PA 15450

4